UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JOSHUA LEE CAMPBELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:13 CV 00169 SNLJ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on movant Campbell's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence." The government has filed a response to that petition and the Court has issued its Memorandum and Order, DCD 22, that resolved all but one issue in Campbell's Motion. The remaining issue was whether Campbell's attorney communicated the Government's initial plea agreement offer to Campbell and whether the advice that Campbell's attorney gave him concerning the plea agreement offer was competent. Campbell has asserted that his attorney's representations caused him to reject the Government's initial plea agreement proposal and that his attorney's representations contained misrepresentations of fact and/or were not reasonably competent. An evidentiary hearing was held on November 17, 2014, on that remaining issue, and the matter is now ripe for adjudication.

I. INEFFECTIVE ASSISTANCE OF COUNSEL – Case Authority.

To prevail on a claim alleging ineffective assistance of counsel, the movant must satisfy the two-part test of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). Under *Strickland*, the movant must first show that the counsel's performance was deficient. 466 U.S. at

687. This requires the movant to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. Secondly, the movant must demonstrate that the deficient performance prejudiced the defense so as "to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*. The movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

The Eighth Circuit has described the two-fold test as follows: (1) counsel's representation fell below an objective standard of reasonableness; and (2) but for this ineffective assistance, there is a reasonable probability that the outcome of the trial would have been different. *Rogers v. United States*, 1 F.3d 697, 700 (8th Cir. 1993). More recently the Eighth Circuit has described the *Strickland* test as follows: "Whether counsel's performance was in fact deficient and, if so, whether the defendant was prejudiced by the inadequate representation. If we can answer 'no' to either question, then we need not address the other part of the test." *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000).

When evaluating counsel's performance, the court "must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. Counsel's performance is considered objectively, and gauged "whether it was reasonable 'under prevailing professional norms' and 'considering all the circumstances.'" *Fields*, 201 F.3d at 1027, quoting *Strickland*, 466 U.S. at 688, 104 S.Ct. at 2064-65. Counsel's challenged conduct is viewed as of the time of his representation. "And we avoid making judgments based on hindsight." *Fields*, 201 F.3d at 1027. A reviewing court's

"scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065.

The standard to be used in a collateral charge of ineffective assistance of counsel following a guilty plea is governed by *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366 (1985), which applies the holding of *Strickland* to instances involving guilty pleas. A movant who pleads guilty upon advice from counsel may only contest the voluntary and intelligent character of the plea by establishing that the advice given was not within the range of professional competence required of the attorney in a criminal case. *Lockhart*, 474 U.S. at 56, citing *Tollett v. Henderson*, 411 U.S. at 267.

II.     FACTUAL FINDINGS.

Federal Defender Scott F. Tilsen testified at the request of Campbell. Tilsen represented Campbell during the pendency of his criminal case. Tilsen stated that he solicited a plea agreement from the Government that would allow Campbell to plead guilty to one of two counts of Felon in Possession of Firearms or Ammunition that Campbell was facing in the Indictment. Tilsen asked for the Government's recommendation that any sentence to be received under that plea agreement would run concurrently with Campbell's undischarged state sentence of imprisonment. Tilsen agreed that the Government's recommendation would not have been binding on the Court. The Government agreed to Tilsen's proposal and drafted a written plea agreement with those terms. Tilsen testified that he communicated this proposed plea agreement to Campbell and discussed its terms with him. Tilsen and Campbell discussed possible defenses and the testimony that all witnesses might provide. Tilsen testified that, after that discussion, Campbell decided to reject the initial plea agreement proposal.

Tilsen testified in detail as to the nature of his conversations with Campbell regarding the

initial plea agreement proposal. Tilsen stated that his investigator had interviewed Campbell's girlfriend, but that Tilsen had not spoken directly with her prior to the sentencing hearing. The Government later rejected its initial plea agreement offer. Eventually Campbell accepted a plea agreement proposal from the Government that contained terms that were not as beneficial to Campbell.

The Court has carefully considered the testimony of Mr. Tilsen and has concluded that his advice to Campbell as to whether he should accept or reject the initial plea agreement was competent. The Court finds that Mr. Tilsen did not misrepresent any facts to Campbell concerning the nature of any possible defense or possible testimony by any other witness and that Campbell's decision to reject the initial plea agreement proposal was made by Campbell after being fully advised of the consequences of that decision. Campbell's attorney was not ineffective, nor did he make any misrepresentations to Campbell during the course of his representation.

## CONCLUSION

For the foregoing reasons, Campbell's § 2255 petition is DENIED. The Court finds that Campbell has not made a substantial showing of the denial of a constitutional right, and therefore, the Court will not issue a certificate of appealability.

Dated this 10th day of December, 2014.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE